### J. M. HORTON ICE-CREAM CO. *v.* MERRITT *et al.*

(*Supreme Court, General Term, Second Department.* February 8, 1892.)

CORPORATIONS—SALE OF PERSONALTY—POWER OF PRESIDENT.

It is not necessary to the validity of a sale of ice by the president of an ice company that he shall have been authorized by resolution of the board of directors of the company to make the sale.

Exceptions from circuit court, Kings county.

Action by the J. M. Horton Ice-Cream Company against Edward P. Merritt and another. The complaint was dismissed, and plaintiff moves for a new trial on exceptions ordered to be heard in the first instance. Exceptions sustained.

Argued before BARNARD, P. J., and DYKMAN, J.

*James & Thomas H. Troy,* for plaintiff. *Charles H. Murray, L. A. Fuller,* and *D. B. Ogden,* for defendants.

BARNARD, P. J. The complaint avers a conversion of the plaintiff's property, being about 250 tons of ice, of the value of $1,250, by the defendants. The taking of the ice by the defendant Mould is proven, and that the taking was by virtue of a sale by the defendant Merritt to him of the ice, and an order to Mould by Merritt to take possession. The plaintiff's title is fully proven. The ice belonged, in the early part of December, 1889, to the Kennebeck Ice Company. On the 9th of December, 1889, this company sold the ice to the Green Lake & Denmark Ice Company. This sale was negotiated

by one A. G. Fisher as broker. The defendant Merritt is the president of the Green Lake & Denmark Ice Company. He directed Fisher to sell the ice. Fisher sold to the plaintiff, and received the money for it by check. The ice was in a house on the Gowanus creek. There was other property belonging to the Denmark Company besides the ice. Merritt requested the broker, Fisher, to sell the balance of the property. Fisher, after he received the check from the plaintiff, got it cashed, and paid an intermediate broker $25. He told Merritt what he had done, and that he would keep the balance of the check, and when the ice-house and other property were sold the amount of the money in Fisher's hands would be credited on the entire sale. No objection was made to this by Merritt or by the plaintiff, the purchaser. It was not necessary to have a resolution of the board of directors of the Denmark Company to complete the authority of its president to sell. He is proven to have acted as agent of the company, in the company's office. The sale was in the usual line of the company's business. The ruling that the plaintiff's title was not established, because of the absence of proof of authority in its president to sell it, was erroneous. The exceptions should therefore be sustained, and a new trial granted, costs to abide event.